UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

EDWARD RESHAWN JENKINS,        )
                              )
            Plaintiff,        )
                              )
v.                            )            CV625-030
                              )
NOEL BROWN, *et al.*,         )
                              )
            Defendants.       )

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 31). Plaintiff filed an Objection that concedes that the Magistrate Judge's analysis of whether he exhausted his original claims is correct. (Doc. no. 34 at 1.) It objects to the Magistrate Judge's denial of his request to amend. (<u>Id.</u>) However, the claim that prison officials opened mail from a Savannah law firm, asserted in his Objection, (<u>id.</u>), was not asserted in his Motion to Amend,[1] (<u>see generally</u> doc. no. 19). Because the claim that Plaintiff now apparently seeks to assert was not clearly raised before his Objection, the Court declines to consider it. <u>See,</u> <u>e.g.,</u> <u>Brown v. Sharpe</u>, 2024 WL 1254804, at *1 (S.D. Ga. Mar. 25, 2024) ("Attempts to

---

[1] The Magistrate Judge construed Plaintiff's reference to legal mail in his pleadings as a response to the Defendants' exhaustion argument. (<u>See</u> doc. no 31 at 13 n. 4.) To the extent that the ambiguous document requested amendment at all, it appears to request to amend the capacity in which defendants are sued. (Doc. no. 19 at 4). There is no suggestion that it seeks to add a completely separate claim that Plaintiff's legal mail was mishandled, much less a claim that his legal mail from the law firm referred to in his Objection was mishandled. The document does refer to the law firm, but only in apparently improperly requesting the Clerk to send a copy of a portion of the document to that law firm. (<u>Id.</u> at 7.) To the extent that Plaintiff now contends that correspondence with that firm was improperly opened by some prison official outside of his presence, it was not even charitably asserted in his prior ambiguous request to amend his pleadings.

1

amend pleadings through objections to reports and recommendations are improper." (internal quotation marks and citation omitted)).  Accordingly, the Report and Recommendation is **ADOPTED**.  (Doc. no. 31.)  Defendants' Motion to Dismiss is **GRANTED**.  (Doc. no. 17.)  Jenkins' Motion to Amend is **DENIED**.  (Doc. 19.)  His Amended Complaint is **DISMISSED**.  (Doc. no. 13.)  The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, Plaintiff's Objection requests that the Clerk "make or fax a copy of this Objection to Oliver Manor LLC.[, a]s due to the fact that this Facility will not make a copy for [him] and has limited [his] ability to do so." (Doc. no. 34 at 1.)  This Court does not provide free copies to inmates, even when they are proceeding *in forma pauperis*.  See, e.g., Jackson v. Fla. Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) (citation omitted).  Moreover, the Clerk's duty to provide copies of court orders is established by the Federal Rules of Civil Procedure, see, e.g., Fed. R. Civ. P. 77(d)(1), and he is not authorized to expend public resources to provide secretarial services to parties.  To the extent that those requests constitute a Motion, it is **DENIED**.  (Doc. no. 34.)

**ORDER ENTERED** at Augusta, Georgia, this _17th_ day of March, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2